IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANGELA SHIELDS,

    Plaintiff,

v.                                  C.A. No.:        4:21-cv-3030

PACK & RIDE, LLC, and
AUBREY CAMPBELL,

    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA SHIELDS (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, PACK & RIDE, LLC, and AUBREY CAMPBELL (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3.Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, PACK & RIDE, LLC, has offices Harris County, Texas.

## THE PARTIES

4.Plaintiff, ANGELA SHIELDS, is an individual residing in Chambers County, Texas.

5.Plaintiff, ANGELA SHIELDS, has been employed by Defendants from July 7, 2019 to the present. From November of 2019 until February of 2020, Plaintiff was a driver and office administrator and was paid at the regular rate of $19.50 per hour. From February of 2020 until the present, Plaintiff was an office administrator and paid at the regular rate of $20.00 per hour.

6.Defendant, PACK & RIDE, LLC, is a limited liability company existing under the laws of the State of Texas and maintains offices in Harris County, Texas.

7.Defendant, PACK & RIDE, LLC, is a company that primarily operates a "delivery company" and is an employer as defined by 29 U.S.C. § 203(d). *See* https://packandride.net/about-us

8.Defendant, AUBREY CAMPBELL, is an individual residing in Harris County, Texas.

9. Defendant, AUBREY CAMPBELL, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, PACK & RIDE, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, AUBREY CAMPBELL, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, PACK & RIDE, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, PACK & RIDE, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, PACK & RIDE, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant, PACK & RIDE, LLC, is a delivery company which carries goods in interstate commerce.

14. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to

Texas in interstate commerce.

15. Plaintiff's duties included the regular and recurring use of the instrumentalities of interstate commerce, *e.g.*, mail, email and telephone, to conduct her job duties. Specifically, Plaintiff regularly utilized the mail, internet and computers to conduct business related transactions.

16. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff occupied the position of office administrator and, at times driver, and did not hold a position considered as exempt under the FLSA.

18. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

19. Plaintiff was not paid for her overtime work in accordance with the FLSA.

20. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

21. Specifically, Plaintiff was never paid time and one-half for the work

performed for Defendants that was in excess of 40 hours in a workweek.

22. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

23. In fact, Plaintiff worked numerous workweeks wherein she worked in excess of 60 hours in workweek.   Plaintiff worked numerous hours each workweek outside of her regular schedule, including nights and weekends.

24. Defendants' policy of not properly paying overtime is company-wide and was willful.

25. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

26. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

27. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not

paid that should have been paid.

29. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ANGELA SHIELDS, demands Judgment against Defendants, jointly and severally, for the following:

   a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

   d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ANGELA SHIELDS, demands a jury trial on all issues so triable.

Respectfully submitted this September 17, 2021.

> **ROSS • SCALISE LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
> Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**